UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA HOKE, | |
|     Plaintiff, | |
|     v. | No. 16 C 1174 |
| DANIEL J. ABRAMS AND ASHWINI SHARAN, | Judge Thomas M. Durkin |
|     Defendants and Third Party Plaintiffs, | |
|     v. | |
| CAMERON C. HORAN, | |
|     Third Party Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Rita Hoke alleges that Daniel Abrams and Ashwini Sharan failed to pay her certain wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA") for her work at their company, Integrated Care Pharmacy LLC ("ICP"). R. 1. Abrams and Sharan filed a counterclaim alleging that Hoke breached her fiduciary duty to ICP by arranging for it to operate out of a facility with a mold infestation, which precipitated ICP going out of business. R. 12 at 11-15 (¶¶ 15-31). Hoke has moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 19-1. The Court granted Hoke's motion with an oral ruling at a hearing on July 12, 2016. R. 37. The following supplements the reasoning the Court provided at the July 12 hearing.

## Legal Standard

A Rule 12(b)(6) motion tests the minimum sufficiency of a claim. A claim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(2). The statement must be sufficient to "give the defendant fair notice" about the nature of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the claimant need not plead detailed factual allegations, formulaic presentation of the bare elements of the offense do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007). In reviewing a 12(b)(6) motion, the court must construe all alleged facts "in the light most favorable to the [claimant]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The claim must rise "above the speculative level," *Twombly*, 550 U.S. at 555, such that it "is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

## Background

ICP was organized under Delaware law on October 10, 2012. *See* R. 19-3 at 2. ICP used Illinois as its principal place of business. R. 12 at 2 (¶ 8). ICP's limited liability company agreement is governed by Delaware law and "eliminated . . . any fiduciary or other duties imposed under the [Delaware Limited Liability Company Act Title 6, Section 18-101] (including the duty of loyalty and the duty of care)." R. 19-3 § 6.06(d).

ICP was founded to "produce large-volume liquid sterile pharmaceuticals for sale to and use by hospitals." R. 12 at 9 (¶ 9). ICP hired Hoke to manage it business, including identifying and preparing ICP's pharmaceutical development facilities, and facilitating ICP's licenses and other approvals. *Id.* at 10 (¶¶ 12-13).

Hoke rented a facility in Mundelein, Illinois for ICP to use as a pharmacy production plant. *Id.* Defendants allege that Hoke discovered mold in the facility, but failed to take necessary steps to remediate the mold issue. *Id.* at 11 (¶¶ 15-17). Hoke allegedly tried to mask the mold's existence, such as painting over affected surfaces or addressing the mold's odor, but did not remove the mold itself. *Id.* at 11-12 (¶¶ 17-18). Hoke's efforts to conceal the mold enabled ICP's facility to pass inspection by the Illinois Board of Pharmacy. *Id.* at 12-13 (¶¶ 19-20). After Hoke left ICP, Defendants eventually discovered the mold, "which made it impossible to use the Mundelein facility as a sterile production center, which was the core of its business goal." *Id.* at 14 (¶ 25). Defendants allege that Hoke's failure to appropriately address the mold issue caused ICP to go out of business and the Defendants to loose "their entire investments in ICP." *Id.* at 14 (¶ 26).

## Analysis

Defendants allege that Hoke's failure to properly address the mold in the Mundelein facility constitutes a breach her fiduciary duty to them. Defendants, however, waived this claim in ICP's LLC agreement. ICP's LLC agreement provides that "any fiduciary or other duties imposed under the [Delaware Limited Liability Company Act, Title 6, Section 18-101] (including the duty of loyalty and the duty of

3

care) on the Members and Managers are hereby eliminated." R. 19-3 § 6.06(d). Delaware law permits such a waiver. *See* Del C. §18-1101(c).

Defendants do not dispute that the fiduciary duty they claim Hoke breached is covered by this provision of ICP's LLC agreement. Instead, Defendants argue that the provision is inapplicable because Illinois law should govern this case, and "Illinois law prohibits members of a limited liability company from barring or precluding claims for breach of fiduciary duty." *See* 805 ILCS 180/15-5(b)(6) ("The operating agreement may not . . . eliminate or reduce a member's fiduciary duties . . . ."). Defendants argue that Illinois law applies because "[b]y asserting claims against Defendants (her fellow members in ICP) under the Illinois Wage Payment and Collection Act, 820 ILCS 115), [Hoke] has already invoked Illinois law as the governing law concerning the relationship between the members of ICP." R. 24 at 4. Defendants also contend that Illinois choice of law rules require the Court to apply Illinois law.

Contrary to Defendants' argument, however, the Seventh Circuit has held that "Illinois choice of law principles, which govern this case because it was filed in Illinois, make the law applicable to a suit against a director for breach of fiduciary duty that of the state of incorporation." *CDX Liquidating Trust v. Venrock Assocs.*, 640 F.3d 209, 212 (7th Cir. 2011). With respect to limited liability companies in particular, this principle appears to be codified in Illinois law. *See* 805 ILCS 180/45-1(a) ("The laws of the State or other jurisdiction under which a foreign limited liability company is organized govern its organization and internal affairs and the

4

liability of its managers, and their transferees."); *see also Khan v. Gramercy Advisors, LLC*, 2016 WL 3551831, at *18 (Ill. App. Ct. 4th Dist. June 30, 2016) ("All four of these limited liability companies are organized under the laws of Delaware, and therefore the laws of Delaware govern their organization and internal affairs and the liability of their managers, members, and their transferees."). Since Delaware law governs the ICP LLC agreement, and Delaware law permits the elimination of fiduciary duties, Defendants' counterclaim is dismissed.[1]

## Conclusion

For the foregoing reasons, the Court granted Hoke's motion to dismiss, and dismissed Defendants' counterclaim with prejudice.

ENTERED:

_Thomas M. Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: July 19, 2016

---

[1] Hoke also argues that Defendants' counterclaim should be dismissed because it is derivative of a claim belonging to ICP, and Defendants failed to follow Delaware procedure for bringing such a claim. Although this implicates Defendants' standing to bring such a claim under Delaware law, it does not implicate Defendants' constitutional standing and the Court's subject matter jurisdiction. *See Culverhouse v. Paulson & Co. Inc.*, 813 F.3d 991, 993-94 (11th Cir. 2016) ("Although the district court correctly concluded that Culverhouse's claims are derivative, it incorrectly described this defect as jurisdictional."). Thus, it is not necessary for the Court to reach this issue in light of the fact that the Court finds that Defendants waived their right to bring their counterclaim.

5