**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RITA HOKE**, an individual | ) | |
| | ) | |
| Plaintiff, | ) | Case No : 16-cv-1174 |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| **DANIEL ABRAMS**, and | ) | |
| **ASHWINI SHARAN**, individual | ) | |
| | ) | |
| Defendants/Counterclaimants | ) | |
| Third Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAMERON C. HORAN**, and individual | ) | |
| | ) | |
| Third Party Defendant | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiff, Rita Hoke, by and through her attorneys, Lynch Thompson LLP, hereby moves to strike Defendants' Affirmative Defenses 2 and 3 and provides further support for her Motion as follows:

**LEGAL STANDARD**

1. Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P 12(f).

2. Motions to strike are not accepted when used as a tool for delay but may be allowed as a means to "remove unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). (Motions to strike affirmative defenses are particularly

appropriate when they will serve to expedite the proceedings. *See Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 213 F.R.D. 307 (N.D. Ill. 2003).)

3. Affirmative defenses must meet the pleading standards of Fed.R.Civ.P. 8(b). *Ocean Atlantic Development Corp. v. Willow Tree Farm, LLC.*, 2002 WL 485387 (N.D. Ill. March 29, 2002). Therefore, affirmative defenses must be premised on facts; "bare legal conclusions" without any supporting factual allegations must be stricken. *Renalds v. S.R.G. Restaurant Group, Chicago, LLC.*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000); *See also Heller v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

4. The majority of federal courts, including the Northern District of Illinois, have ruled in favor of applying the plausibility standard of *Ashcroft v. Iqbal,* 556 U.S. 662, (2009) to affirmative defenses, under rule 8(b). *Oleksy v. Gen. Elec. Co.,* No. 06 C 01245, 2013 WL 3233259, at *17 (N.D. Ill. June 26, 2013)*; Mittelstaedt v. Gamla-Cedron Orleans, LLC,* No. 12-C-5131, 2012 BL 324827, at *2-3 (N.D. Ill. Dec. 12, 2012); *Massenberg v. A & R Servs., Inc.,* No. 10 C 7187, 2011 WL 2909364, at *1 (N.D.Ill. July 18, 2011); *Riemer v. Chase Bank USA, N.A.,* 274 F.R.D. 637, 639 (N.D. Ill.2011).

**I.    AFFIRMATIVE DEFENSE 2 SHOULD BE STRICKEN**

5. Affirmative Defense 2 asserts that the claims of the Complaint are barred based on a "prior breach of contract, breach of duty of loyalty, and breach of fiduciary duty." There is, however, no specificity as to the underlying facts that would support any of these defenses and none of the "defenses" are pleaded with the required specificity under any applicable pleading standard. Accordingly, Affirmative Defense 2 should be stricken.

6. Furthermore, it has become clear that the Defendants are using Affirmative Defense 2 as a vehicle to attempt to bring previously-barred matters into the case. On July 12, 2016, the

Court dismissed a Counterclaim alleging that the Plaintiff had mishandled certain mold issues. The Court found that the breach of fiduciary duty claim could not stand in the face of an express disclaimer in the ICP LLC Agreement. (Memo. Op. Or. ¶6 (July 19, 2016)). Undeterred, Defendants apparently seek to use the same facts as an Affirmative Defense, specifically that they can block Plaintiff's claim under the Illinois Wage Payment and Collection Act because the Plaintiff allegedly mishandled the mold issue and therefore breached her fiduciary duty.

7. The problem with the Defendants' argument is that under Illinois law, poor performance or negligence on the part of an employee does not violate any duty owed to their employer. *Dangeles v. Muhlenfeld*, 548 N.E. 2d 45, 49 (Ill. App. Ct. 1990). In *Beltran v. Brentwood North Healthcare Center, LLC.*, a former employee seeking payment of wages under the Illinois Wage Payment and Collection act was faced with a counterclaim from the employer asserting that the employee's act of sleeping on the job was a breach of fiduciary duty; the court in that case dismissed the counterclaim finding that "No court has recognized a breach of fiduciary duty claim grounded on the fact that an agent fell asleep on the job or otherwise failed to perform job requirements satisfactorily." *Beltran v. Brentwood North Healthcare Center, LLC.*, 426 F. Supp. 2d 827, 831 (N.D. Ill. 2006).)

8. Illinois courts clearly delineate the use of the "faithless servant doctrine" which allows for an employer to recoup payment from an employee only where the employee has been disloyal and misappropriated corporate property or usurped corporate opportunities; and such behavior was part of a "willful or deliberate course of conduct adverse to the principal's interest" *ABC Trans Nat. Transport, Inc. v. Aeronautics Forwarders, Inc.*, 413 N.E. 2d 1299, 1315 (Ill. App. Ct. 1980). More specifically Illinois courts have found that, "disloyalty necessary to support forfeiture of compensation must amount to radical unfaithfulness or gross misconduct," and that

negligence or poor job performance are not tantamount to a breach of duty of loyalty and do not create an obligation of repayment. *In re Petersen,* 296 B.R. 776 (Bankr. C.D. Ill. 2003), *citing Book v. Napier et al.*, 120 N.E. 2d 244 (Ill. App. Ct. 1954).

9. In light of the nature of the behaviors identified in the dismissed Counterclaim (but not expressly in Affirmative Defense 2)[1] and the goal Defendants allege the Plaintiff was trying to achieve, even if each of the allegations presented against the Plaintiff in the dismissed Counterclaim were taken as true, they would not reveal any behavior showing the Plaintiff as a faithless servant under the Illinois doctrine. There are no allegations against the Plaintiff relating to any kind of disloyal behavior against the interest of the employer. At most, the behaviors alleged would be misguided actions by the Plaintiff pursuing the interest of the employer or more likely just substandard job performance.

10. Despite the dismissal of the Counterclaim and the clear inapplicability of the faithless servant doctrine, Defendants have still proceeded with a deposition of a State of Illinois pharmacy licensing inspector on the mold issue, have spent several hours of the deposition of the Plaintiff on questions of mold, and have indicated that they require further time to depose the Plaintiff about mold. In light of the dismissal of the Counterclaim, the bare bones pleading of Affirmative Defense 2 and the inapplicability of the faithless servant doctrine, the Plaintiff prays to end the wasteful discovery practices of the Defendants by striking Affirmative Defense 2.

---

[1] The allegations against the Plaintiff in the dismissed Counterclaim include behaviors such as: failing to proactively inspect a facility for the presence of mold; (Counterclaim ¶13) failing to engage licensed mold remediation company and instead hiring other service providers to cover up the appearance and smell of the mold; (Counterclaim ¶16) failing to inform the Defendants exactly what actions were taken to address the mold and exactly what actions would be necessary to address the mold; (Counterclaim ¶18) failure to tell the Board of Pharmacy that mold was found in the facility in order to get a pharmacy license (Counterclaim ¶19). The Counterclaim further alleges that the Plaintiff failed to fulfill her duty to report the mold to the Illinois State Board of Pharmacy and that such actions were committed recklessly and intentionally to mislead the Illinois Board of Pharmacy for the purposes of receiving a license for ICP. (Counterclaim ¶¶ 22-24).

## II. AFFIRMATIVE DEFENSE 3 SHOULD BE STRICKEN

11. Affirmative defense 3 lists "fraud, estoppel, waiver, unclean hands and any other doctrine or legal principle that constituted a defense or avoidance that may be discovered." Like Affirmative Defense 2, there are no facts pleaded that would support any of the multiple legal theories included. Affirmative Defense 3 likewise fails to meet pleading requirements and Affirmative Defense 3 should all be stricken.[2]

## III. AFFIRMATIVE DEFENSE 4 SHOULD BE STRICKEN

12. Affirmative defense 4 states, "Defendants are not employers under the Wage Claim Act." This is clearly a misdesignation of a negative defense as an affirmative defense. This is nothing more that the Defendants repeating a denial already stated in their Answer and it is a fact that the Plaintiff bears the burden of proving. The Seventh Circuit has found that it is appropriate to strike negative defenses that, "merely repeat denials of allegations contained in the complaint." *Sarkis' Café Inc. v. Sarks in the Park, LLC,* No 12 C 9686, 2014 WL 3018002, at *4 (N.D.Ill. July 3, 2014).

### CONCLUSION

For the reasons stated above, Rita Hoke respectfully requests that this court enter an order: (1) striking all of the Defendants' affirmative defenses, with prejudice; and (2) providing such other and further relief as the court deems equitable and just.

---

[2] Although the instant motion does not move, at this time, to strike the remaining Affirmative Defenses, they appear to lack vitality. As to Affirmative Defense 1: "The Complaint fails to state a claim upon which relief may be granted," that statement is not really an affirmative defense, but rather an assertion of the purported insufficiency of the pleading of the Complaint. Affirmative Defense 5, "The Plaintiff failed to add all responsible parties, and Plaintiff's claims are subject to contribution from others," not only lacks any factual support but has already been addressed by the third party pleading the Defendants filed. Finally, Affirmative Defense 6, which purports to reserve the right to add defenses, is not a defense at all.

Dated: July 27, 2016

                                               Respectfully submitted,
                                               RITA HOKE, Plaintiff

                                               s/      Daniel Lynch
                                               Attorney for Plaintiff

Daniel Lynch (Atty. No. 6202499)
Julia M. Katz (Atty. No. 6296890)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
Tel: (312) 346-1600
Fax: (312) 896-5883
dlynch@lynchthompson.com
jkatz@lynchthompson.com
docketing@lynchthompson.com

**CERTIFICATE OF SERVICE**

        I, Julia M. Katz, an attorney, hereby certify that on July 27, 2016, I served **Plaintiff's Motion to Strike Defendants' Affirmative Defenses** upon all counsel of record by the Court's electronic filing system:

Stephen E. Csajaghy
Condit Csajaghy LLC
695 S. Colorado Blvd., Suite 270
Denver, CO 80246
steve@cclawcolorado.com

Christina D. Hatzidakis
Hatzidakis Law
120 S. State Street, Suite 200
Chicago, IL 60603
christina@hatzidakislaw.com

William J. Factor
David P. Holtkamp
The Law Office of William J. Factor, Ltd.
105 W. Madison St., Suite 1500
Chicago, IL 60602
dholtkamp@wfactorlaw.com

Christian C. Onsager
Andrew D. Johnson
Onsager Guyerson Fletcher Johnson LLC
1801 Broadway, Suite 900
Denver, CO 80202
consager@OGFJ-law.com
ajohnson@OGFJ-law.com

Dated:    July 27, 2016

                                                                /s/ Julia M. Katz