**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RITA HOKE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case no. 16-cv-01174 |
| | ) | |
| DANIEL J. ABRAMS, and | ) | |
| ASHWINI SHARAN, individuals | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendants and Third | ) | |
| Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAMERON C. HORAN, an individual, | ) | |
| | ) | |
| Third Party Defendant | ) | |

## MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

Defendants Daniel J. Abrams and Ashwini Sharan ("Defendants"), through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(c), file this Motion for Judgment on the Pleadings and for Dismissal of Plaintiff's Complaint and in support thereof, state as follows:

### I. INTRODUCTION

Plaintiff Rita Hoke's claim against the Defendants is based on her allegation that she did not receive certain wages and other compensation from Integrated Care Pharmacy, LLC ("ICP"). She has sued the individual Defendants, Daniel Abrams and Ashwini Sharan, members of ICP, for alleged violations of the Illinois Wage Payment and Collection Act ("Wage Act"). Defendants Abrams and Sharan – also members of the limited liability company – asserted a counterclaim for breach of fiduciary duty against Plaintiff which has been dismissed by this

Court. The basis for the Court's decision was that Delaware law applied to the relationship between the members of ICP and Delaware law permits members of a limited liability company to modify or completely eliminate fiduciary duties between members in the company's Operating Agreement.

Based on the Court's ruling, Defendants Abrams and Sharan now move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) to dismiss Plaintiff's claims asserted against them because: (a) the very same Operating Agreement that Plaintiff relied upon in her Motion also bars the claims she has asserted against the two individuals defendants; and (b) the relationship between the members of ICP is governed by Delaware law pursuant to the Operating Agreement and Delaware law does not recognize the wage claim Plaintiff has asserted against the two individuals.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Courts review Rule 12(c) motions under the same standard as a motion to dismiss under Rule 12(b). *Id.*; *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir.1996). Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir.1993) (quoting *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989)). The court views the facts in the complaint in the light most favorable to the non-moving party. *Id.*

In order to survive a Rule 12(b)(6) motion, and a Rule 12(c) motion, the complaint must provide the defendant with fair notice of a claim's basis and must contain sufficient factual

matter, that, when accepted as true, is plausible on its face. *Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 463 (7th Cir. 2010); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550. U.S. 544, 555 (2007). Plaintiff has failed to meet this standard. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. In this case, Plaintiff has failed to meet this standard and the Court should grant Defendants' motion for judgment on the pleadings and dismiss the complaint. Delaware law applies to the relationship between the parties, thus barring the claims Plaintiff has asserted against Defendants.

### III.  ARGUMENT

#### A. The Language of the Operating Agreement Bars Plaintiff's Claims Against Defendants Abrams and Sharan.

Plaintiff sued Defendants Abrams and Sharan for alleged violations of the Illinois Wage Act and seeks to impose personal liability against her co-members in the limited liability company for allegedly failing to pay salary and other benefits. Putting aside the factual inaccuracies of that claim (which will be raised, if necessary, in subsequent pleadings), her claim fails as a matter of law.

The Wage Act provides that officers of a corporation or agents of an employer may be deemed to be the "employers" of the employees of the company if they "knowingly permit" violations of the Act, such as failing to pay wages. *See* 820 ILCS 115/13. Thus, rather than sue ICP, Plaintiff has instead sued the individual Defendants (her fellow members in the limited liability company) as if they were her "employer" and seeks to impose liability upon them individually. Plaintiff seeks this recovery against the Defendants by attempting to have them deemed "employers" under the Wage Act. *See* Complaint at § 27.

3

The Amended and Restated Operating Agreement, signed by the members of ICP, bars Plaintiff's claims. Specifically, section 6.06(c) states:

> No member or Manager shall be personally liable for any indebtedness, liability or obligation of the Company, except as specifically provided for in this Agreement or required pursuant to the Act or any other applicable law.

[See Doc. No. 19-3, Amended and Restated Operating Agreement, at § 6.06(c), p. 24] This language – eliminating personal liability for debts, liabilities, and obligations of the company - bars the claims Plaintiff has asserted against the Defendants individually for unpaid wages. Plaintiff specifically alleges in her Complaint that Defendants were officers, managing members and/or members of ICP's Board of Directors (Compl. at ¶ 10, 11), and the Amended Operating Agreement specifically identifies the Defendants as Members of ICP. [See Doc. No. 19-3, Amended and Restated Operating Agreement, at p. 36, 40] Thus, under this language of the Operating Agreement, the claims must be dismissed.

Moreover, the language of the Operating Agreement eliminates any duties between the members. *See* Operating Agreement at § 6.06(d). The Operating Agreement states that fiduciary duties or other duties are hereby eliminated. *Id.* The broad language of the Operating Agreement also eliminates a duty allegedly owed by the Defendants for unpaid salary and other compensation. Thus, Plaintiff's claims are barred by the language of the Operating Agreement – the same language Plaintiff herself has sought to enforce against Defendants. Defendants respectfully request that this Court enforce the language of the Operating Agreement and dismiss the claims asserted against them.

To the extent Plaintiff attempts to argue that the language of the Operating Agreement actually allows her Wage Act claim, such argument should be dismissed. The language of the Operating Agreement very clearly states that "[n]o member or Manager shall be personally liable

4

for any indebtedness, liability or obligation of the Company." This language is clear that a member cannot be personally liable for any debt of ICP. Any obligation pursuant to the Wage Act should qualify as a debt or obligation of the company and this is not recoverable against a member of the limited liability company.

The Operating Agreement then lists exceptions to this statement, including the phrase "or any other applicable law." This phrase is joined to the prior phrase "or required pursuant to the Act" and is joined with that phrase by "or"; it does not exist on its own to create a separate category of exception to allow a claim pursuant to the Wage Act. If the language were read such that "any other applicable law" allowed this Wage Act claim, this phrase would swallow the first phrase and primary goal of paragraph 6.06(c), which is to eliminate personal liability for a member of the limited liability company. Such a reading would render the first phrase of 6.06(c) meaningless and would be an unreasonable result.

"An unreasonable interpretation [is one that] produces an absurd result or one that no reasonable person would have accepted when entering the contract." *The Estate of Lucille Osborn v. Kemp,* 991 A.2d 1153, 1160 (Del. 2010). Indeed, "[r]esults which vitiate the purpose or reduce terms of the contract to an absurdity should be avoided." *Id.* (citing *Gore v. Beren,* 867 P.2d 330, 337 (Kan. 1994), *Born v. Hammond,* 146 A.2d 44, 47 (Md. 1958) ("if a contract was susceptible of two constructions, one of which would produce an absurd result and the other of which would carry out the purpose of the agreement, the latter construction should be adopted")). Thus, the phrase "any other applicable law" must be read in context of the entire provision and there is no exception in 6.06(c) that allows personal liability of the members of the limited liability company for a Wage Act claim and Plaintiff's claims should be dismissed and judgment entered against her.

### B. Delaware Law Applies to the Relationship between the Members of ICP and Likewise Bars Plaintiff's Claims.

In this Court's recent ruling granting Plaintiff's Motion to Dismiss the counterclaims, the Court ruled that Delaware law applied to the relationship between the members of ICP. [Doc. No. 38] Based on the application of Delaware law to the claims at issue, Plaintiff has failed to state a claim against the individual Defendants and her claims should be dismissed.

Delaware's wage statute differs from Illinois' wage statute. The Illinois Wage Act allows claims against a member of a limited liability company for unpaid wages, and under limited circumstances, deems members of a limited liability company to be "employers." *See, e.g.,* 820 ICLS 115/1. Delaware's wage act, however, is quite different.

Delaware's wage act <u>does not permit</u> members of a limited liability company to be sued personally for wages allegedly owed by the limited liability company. *Dept. of Labor ex. Rel. Chasanov v. Brady,* C.A. No. CPU-4-09-8966, 2010 WL 8706963, at *3 (Del. Ch. March 23, 2010). Indeed, the Delaware Chancery Court has explained that the Delaware wage claim statute "makes clear that the debt and obligations of a LLC is not that of the members or managers." *Id.* at *3. Thus, Plaintiff cannot sue the Defendants personally for wages, bonuses, and expenses because Delaware law applies to the relationship between the members of ICP, and Delaware law does not allow claims against individuals members of a limited liability company.

This Court has now made clear that Illinois law does not apply to the relationship between the members of ICP, and, instead, Delaware law governs that relationship. [Doc No. 38] Because Delaware law governs the relationship between the members of the limited liability company – the Plaintiff and Defendants in this action – and Delaware law does not allow the type of claims Plaintiff has attempted to bring here, Plaintiff cannot sue the Defendants pursuant to the Illinois Wage Act and those claims must be dismissed.

Plaintiff has argued – quite weakly – that her claims against the individual Defendants are "based on an employer-employee relationship" and implies that her claim is not based on the fact that they are members of ICP. [Pl.'s Reply Br., Doc. No. 26 at pp. 6-7] That argument is a legal fiction.

Plaintiff sued the individual Defendants based on their roles as members, officers or directors of ICP – not as "employers." Indeed, the Complaint includes <u>no allegations</u> at all that either of the individual Defendants was her actual employer, but instead alleged that ICP was her employer. [Compl. at ¶ 13, Doc. No. 1] The Complaint specifically alleges that Plaintiff is suing the Defendants individually as "members" and/or "officers" and/or "Directors" because the Illinois Wage Act "deems' them to be employers." [Compl. at ¶¶ 10, 11, 25, 27, 32, 34, 39, 41, 47, 49] Thus, it is their role as "members" or "officers" or "Directors" of ICP that is the basis for Plaintiff's claims against Defendants. And because they cannot be held individually liable to the Plaintiff in any of these roles, Defendants respectfully request that the Plaintiff's Complaint be dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(c).

## IV. CONCLUSION

Defendants Abrams and Sharan request that the Court enter judgment against Plaintiff on the pleadings and dismiss Plaintiff's claims for recovery from them personally of allegedly unpaid salary, deferred salary, bonuses, and expenses. They request that the Court continue to apply Delaware law to the relationship between the members of ICP. The language of the Operating Agreement and well-settled Delaware law both bar Plaintiff's claims, and the claims against Defendants Abrams and Sharan should be dismissed.

Respectfully submitted this 10th day of August, 2016.

<u>s/ Stephen E. Csajaghy</u>

Stephen E. Csajaghy
Condit Csajaghy LLC
695 S. Colorado Blvd., Suite 270
Denver, CO  80246
Telephone: 720-287-6600
Facsimile: 720-287-6605
steve@cclawcolorado.com

Christina D. Hatzidakis
Hatzidakis Law
120 S. State Street, Suite 200
Chicago, IL 60603
Telephone:  312.857.5577
Facsimile: 312.674.7446
christina@hatzidakislaw.com

*Attorneys for Defendants/ Third Party Plaintiffs*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 10th day of August, 2016, I electronically filed the foregoing **MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR DISMISSAL OF PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties via email:

Daniel Lynch
Julia Katz
LYNCH THOMPSON LLP
150 South Wacker, Suite 2600
Chicago, IL 60606
*Attorneys for Plaintiff*


William J. Factor
David P. Holtkamp
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
　　　and
Andrew D. Johnson
Onsager Guyerson Fletcher Johnson LLC
1801 Broadway, Suite 900
Denver, CO 80202
*Attorneys for Cameron C. Horan*

　　　　　　　　　　　　　　　　　　　　　*s/ Trish D. Schart*
　　　　　　　　　　　　　　　　　　　　　Trish D. Schart