UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RITA HOKE, | |
|     Plaintiff, | |
| v. | No. 16 C 1174 |
| DANIEL J. ABRAMS AND ASHWINI SHARAN, | Judge Thomas M. Durkin |
|     Defendants and Third Party Plaintiffs, | |
| v. | |
| CAMERON C. HORAN, | |
|     Third Party Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Rita Hoke alleges that Daniel Abrams and Ashwini Sharan failed to pay her certain wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA") for her work at their company, Integrated Care Pharmacy LLC ("ICP"). R. 1. Abrams and Sharan argue that Hoke waived her claims when she became a member of ICP and signed ICP's LLC agreement. *See* R. 44. On that basis, they move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See id.* For the following reasons, that motion is denied.

**Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *See Buchanan–Moore v.*

*County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A Rule 12(c) motion is subject to the same standard as a Rule 12(b)(6) motion. *See Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). A Rule 12(b)(6) motion tests the minimum sufficiency of a claim. A claim must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(2). The statement must be sufficient to "give the defendant fair notice" about the nature of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the claimant need not plead detailed factual allegations, formulaic presentation of the bare elements of the offense do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). In reviewing a 12(b)(6) motion, the court must construe all alleged facts "in the light most favorable to the [claimant]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The claim must rise "above the speculative level," *Twombly*, 550 U.S. at 555, such that it "is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

**Analysis**

ICP's LLC agreement provides the following:

> No Member or Manager shall be personally liable for any indebtedness, liability or obligation of the Company, except as specifically provided for in this Agreement or required pursuant to the Act or any other applicable law.

R. 19-3 at 20 (Section 6.06(c)). On this basis, Abrams and Sharan argue that the LLC agreement "bars the claims [Hoke] has asserted against [them] individually for

2

unpaid wages." R. 44 at 4. But this provision of the LLC agreement only waives Abrams's and Sharan's liability for *ICP's* obligations. By contrast, the IWPCA creates direct personal liability for "any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of the [IWPCA]." 820 ILCS 115/13. By virtue of this provision, Hoke is seeking to recover for an obligation of *Abrams* and *Sharan*, not an obligation of ICP. Therefore, the LLC agreement's provision purporting to waive claims against members and managers for obligations of the company does not serve as a waiver of Hoke's direct claims against Abrams and Sharan.

In any event, IWPCA claims are not waivable. *See Lewis v. Giordano's Enters., Inc.*, 921 N.E.2d 740, 753 (Ill. App. Ct. 1st Dist. 2009) ("A finding that employees can waive their rights under [the IWPCA] by signing a release would be contrary to public policy, and therefore, defendants' argument that releases are valid based on a freedom to contract is without merit."); *O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047, 1049-50 (N.D. Ill. 2002) ("[W]here a right is conferred for the benefit of the public at large, and the implementation of that right requires a limitation of the directly-involved individuals' freedom of contract, the argument in favor of nonwaivability is particularly compelling. The legislature is clearly stating that the larger public purposes served by such wage laws trump individual contract rights."); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2001 WL 1403007, at *6 (N.D. Ill. Nov. 9, 2001) ("the court concludes that it would be

3

against the public policy of the IMWL and IWPCA to permit the parties to release their claims thereunder").

Abrams and Sharan contend that the Court's prior opinion dismissing their counterclaim that Hoke violated her fiduciary duty to ICP "made clear that Illinois law does not apply to the relationship between the members of the ICP, and, instead Delaware law governs that relationship." R. 44 at 6. For this reason, they argue that the Court must dismiss Hoke's IWPCA claim, which is of course a statute of Illinois, as opposed to Delaware. But the Court's prior opinion did not hold that Delaware law is the exclusive law applicable to all claims in this case. Rather, the Court held that "Illinois choice of law principles, which govern this case because it was filed in Illinois, make the law applicable to a suit against a director for breach of fiduciary duty that of the state of incorporation." R. 38 at 4 (*Hoke v. Abrams*, 2016 WL 3907051, at \*2 (N.D. Ill. July 19, 2016) (quoting *CDX Liquidating Trust v. Venrock Assocs.*, 640 F.3d 209, 212 (7th Cir. 2011))). And applying Delaware law, the Court held that the LLC agreement's "elimination" of the members' fiduciary duties to the company was permissible. *See* R. 38 (*Hoke*, 2016 WL 3907051). Nothing about this holding prevents Hoke from bringing a separate claim under Illinois law (if it is otherwise applicable, which Abrams and Sharan have not challenged to this point in the case). Additionally, nothing about this holding requires the Court to apply Delaware's wage act, or Delaware case law interpreting its wage act, as opposed to the IWPCA.

4

Abrams and Sharan seem to believe that in any given case only the law of one jurisdiction is applicable. Certainly, the Court must make a choice of law decision with respect to each particular legal claim. *See Ruiz v. Blentech Corp.*, 89 F.3d 320, 324 (7th Cir. 1996) ("A court therefore conducts a separate choice-of-law analysis for each issue in a case . . . ."). But Abrams and Sharan have not cited any authority for their contention that the Court's decision that a certain jurisdiction's laws apply to one claim requires its application to any claim at issue in the same case. In fact, contrary to Abrams and Sharan's argument, well established choice-of-law theory reveals that application of more than one jurisdiction's laws in a single case is not a particularly unusual circumstance. *See id.* ("[T]he Second Restatement follows the principle of *depecage*, which has been long applied in connection with various methods for choice of law. When roughly translated, *depecage* refers to the process of cutting something into pieces. Here it refers to the process of cutting up a case into individual issues, each subject to a separate choice-of-law analysis.") (internal citations omitted).

## Conclusion

For the foregoing reasons, Abrams's and Sharan's motion for judgment on the pleadings, R. 44, is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 12, 2016

5