**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RITA HOKE**, an individual | ) | |
| Plaintiff, | ) | Case No : 16-cv-1174 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| **DANIEL ABRAMS**, and | ) | |
| **ASHWINI SHARAN**, individual | ) | |
| | ) | |
| Defendants/Counterclaimants | ) | |
| Third Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAMERON C. HORAN**, and individual | ) | |
| Third Party Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES 2 AND 3**

Plaintiff, Rita Hoke, by and through her attorneys, Lynch Thompson LLP, hereby submits this Memorandum of Law in Support of her Motion for Partial Summary Judgment in her favor as to Affirmative Defenses 2 and 3 asserted by the Defendants Daniel Abrams and Aswhini Sharan (collectively "Defendants"). The facts underlying this motion are fully set forth in Plaintiff's Local Rule 56.1 Statement of Uncontested Material Facts ("Statement").

## INTRODUCTION

The Complaint of Plaintiff, Rita Hoke ("Hoke"), a former employee of a now defunct entity, Integrated Care Pharmacy ("ICP") seeks to recover unpaid wages from the Defendants under the Illinois Wage Payment and Collection Act ("IWPCA"). Defendants' Answer, Counterclaim, Third Party Complaint & Jury Demand (the "Answer") included a Counterclaim addressing a breach of fiduciary duty by the Plaintiff to the Defendants in her role as a member of ICP, which has already been dismissed by this Court. The Answer further asserted a number of

Affirmative Defenses to the IWPCA claims of the Complaint. As explained below, Illinois law regarding employee wages claims provides that the only applicable affirmative defense to failure to pay an employee arises when that employee takes advantage of their position or knowledge as an employee, to make profits for themselves at the employer's expense. The undisputed facts in this matter reveal that an Illinois wage claim has been made by the Plaintiff, Affirmative Defenses 2 and 3 asserted by the Defendants do not assert that the Plaintiff took advantage of her position or knowledge as an employee to make profits for herself at ICP's expense, and that Defendants have admitted that the Plaintiff did not make a profit for herself at ICP's expense. As Affirmative Defenses 2 and 3 are not applicable defenses to the claims of the Complaint, the Plaintiff is entitled to summary judgment on Affirmative Defenses 2 and 3 as a matter of law.[1]

## FACTS

The Complaint for the instant matter asserts an IWPCA claim against Defendants, two former members/managers/executives of the Plaintiff's former Employer ICP, seeking unpaid wages for Plaintiff's work while employed by ICP. (Stmt. Material Facts, ¶1, Compl., Dkt. 1.) The Defendants have asserted numerous Affirmative Defenses to the IWPCA in their Answer, none of which assert that the Plaintiff took advantage of her position or knowledge as an employee of ICP to make profits for herself at ICP's expense. Affirmative Defense 2 states "The Complaint is barred by Plaintiff's prior breach of contract, breach of duty of loyalty and breach of fiduciary duty." Affirmative Defense 3 states "The complaint is barred by the doctrine of fraud, estoppel,

---

[1] Although the instant motion does not move for summary judgment on the remaining Affirmative Defenses, they also appear to lack vitality. As to Affirmative Defense 1: "The Complaint fails to state a claim upon which relief may be granted," that statement is not really an affirmative defense, but rather an assertion of the purported insufficiency of the pleading of the Complaint. Affirmative Defense 4: "Defendants are not employers under the Wage Claim Act" similarly to Affirmative Defense 1 addresses or rather argues that there is lack of sufficiency related to specific assertions of the Complaint, and is not a proper affirmative defense. Affirmative Defense 5, "The Plaintiff failed to add all responsible parties, and Plaintiff's claims are subject to contribution from others," not only lacks any factual support, but has already been addressed by the third party pleading that the Defendants filed. Finally, Affirmative Defense 6, which purports to reserve the right to add defenses, is not a defense at all.

waiver, unclean hands, and any other doctrine or legal principle that constituted a defense or avoidance that may be discovered." (Stmt. Material Facts, ¶ 2, Answer, Counterclaim, Third Party Complaint & Jury Demand, Dkt. 12.)  Defendant Daniel Abrams, former member and President of ICP had some level of knowledge of the financials and business dealings of ICP.  Defendant Daniel Abrams' deposition transcript indicates that he is unaware of any specific example of Rita Hoke personally financially benefitting or making any profit from her actions as an employee of ICP beyond collection of a paycheck. (Stmt. Material Facts, ¶ 3, Transcript of Daniel Abrams Deposition pp. 61, 77, 78, 87, 88, 91, 92, 93, 94, 95, 101, 102, 118, 119, 198, 199). Defendant Ashwini Sharan, former Member and Chairman of the Board of ICP had some level of knowledge of the financials and business dealings of ICP.  Defendant Ashwini Sharan's deposition transcript indicates that is unaware of any specific example of Rita Hoke personally financially benefitting or making any profit from her actions as an employee of ICP beyond collection of a paycheck. (Stmt. Material Facts, ¶ 4, Transcript of Aswhini Sharan Deposition pp. 9, 85, 87, 88, 90, 99). Third Party Defendant, Cameron Horan, former Managing Member and CEO of ICP had extensive knowledge of the financials and business dealings of ICP for the majority of the time the Plaintiff was employed by ICP.  Third Party Defendant Cameron Horan's deposition transcript clearly indicates that he is unaware of any way in which Rita Hoke personally financially benefited or made any profit from her actions as an employee of ICP beyond collection of a paycheck. (Ex. 5, Transcript of Cameron Horan Deposition pp. 44, 45, 48).

## ARGUMENT

Summary judgment under Federal Rule of Civil Procedure 56(c) is proper if the record shows that "There is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c).  In resolving a motion for summary judgment,

a court draws all reasonable inferences and resolves all factual disputes in the non-moving party's favor. *Minnesota Life Ins. Co. v. Kagan*, 847 F. Supp. 2d 1088, 1096 (N.D. Ill. 2012) *aff'd.* 724 F.3d 843 (7th Cir. 2013). To survive a motion for summary judgment, "the nonmoving party must establish that some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (internal citations omitted). In order to promote judicial economy, courts in the Northern District of Illinois "routinely entertain motions for partial summary judgment seeking the dismissal of affirmative defenses." *Widley v. Springs*, No. 92 C 8146, 1993 WL 350195, at *1 (N.D. Ill. Sept. 7, 1993).

I. **THE ONLY AFFIRMATIVE DEFENSE TO FAILURE TO PAY AN EMPLOYEE EARNED WAGES IN ILLINOIS IS THAT AN EMPLOYEE HAS NO RIGHT TO THEIR WAGES WHEN THE EMPLOYEE TAKES ADVANTAGE OF THEIR POSITION OR KNOWLEDGE TO MAKE PROFITS FOR THEM SELF AT THE EMPLOYER'S EXPENSE.**

Under Illinois law, the single potentially appropriate affirmative defense to failure to pay an employee earned wages arises when an employee takes advantage of knowledge and/or property acquired in the employer's business to make a profit for them self at the employer's expense. *Beltran v. Brentwood North Healthcare Center, LLC.*, 426 F. Supp. 2d 827, 831 (N.D. Ill. 2006). In *Beltran v. Brentwood*, the court ruled that an employer's attempt to recoup an employee's wages for sleeping on the job, instead of performing job duties, was impermissible. *Id.* The language of the decision broadened the application of the ruling beyond simply sleeping, and stated that wages could not be recouped based "on the fact that an agent fell asleep on the job or otherwise failed to perform job requirements satisfactorily." *Id.* In order to present a clear picture of what specific behaviors would provide for recoupment of wages by an employer, the court listed the actions of "improperly competing with their employer, soliciting the employer's customers, enticing co-workers away from the employer, diverting business opportunities, engaging in self-dealing and/or

otherwise misappropriating the employer's property or funds." *Id*. As clarification for why only such severe behavior requires forfeiture of wages, the court distinguished other behaviors and stated that "negligence or substandard job performance, is inherently dissimilar from the types of self-dealing scenarios." *Id*. This decision helped clarify the limited behaviors that Illinois courts permit as a basis for forfeiture of employee wages.

The court in *In re Petersen,* 296 B.R. 776 (Bankr. C.D. Ill. 2003) similarly dealt with an employer's demand for return of wages, but differed in that the allegations of the employer simply asserted that the employee failed to complete the job in the fashion in which the employer thought she should have. The employee in *In re Petersen* was tasked with working overtime in order to complete the employer's medical billing but despite the employee's great efforts to perform the work to the best of her ability, the employee fell further and further behind. The employer alleged that the employee's records of overtime must have been false, and her attempts to complete the work were inadequate. Yet again, under the application of Illinois law, the court found that even if an employee's performance was deficient, it did not support forfeiture of compensation. *Id*. at 779. This decision supported the findings in *Beltran v. Brentwood*, and the premise that poor performance is not enough, an employee must be taking advantage of knowledge and/or property acquired in the employer's business to make a profit for herself at the employer's expense to be liable for forfeiture of wages.

This position is not new to Illinois courts and was asserted much earlier in *Book v. Napier* where the court found against an employer who had withheld commission payments from an employee who had allegedly, among many other things, systematically maligned his employer by telling various co-workers that the head of the agency was incompetent and crazy, and that all

employees should ignore the head of the agency's instructions. *Book v. Napier et al.*, 120 N.E. 2d 248 (Ill. App. Ct. 1954).

Finally, in taking the matter far beyond simple sleeping on duty or inadequate completion of job duties, the vitality of this line of case law was recently reasserted by a decision in the Northern District of Illinois by the Honorable Charles P. Kocoras in *Laba v. Chicago Transit Authority*. The decision in *Laba v. Chicago Transit Authority* stated that an employee who hid out in in the employer's electrical breaker room for extended periods while sleeping, using a cell phone, using a computer for non-work related activities, reading personal mail and newspapers, viewing pornography and masturbating was not subject to wage forfeiture. *Laba v. Chicago Transit Authority*, No. 14 C 4091, 2016 WL 147656 at *6 (N.D. Ill. Jan. 13, 2016). The court simply found that such negligent or sub-standard job performance, which may be a reasonable basis for discipline and even termination – and although it is more disturbing than simple sleeping on the job – did not equate to behaviors such as "improperly competing with one's employer, engaging in self-dealing or misappropriating property or funds" which are necessary for an employer to recoup wages. *Id*. at *7. The Court in *Laba v. Chicago Transit Authority* further found that collection of a paycheck, even if not acting in the best interest of the employer, is not considered self-enrichment at the employer's expense. *Id*. The court opined that simple collection of a paycheck is not equivalent to actions such as embezzlement, and does not allow the employer to recoup employee wages. *Id*.

After extensive research the Plaintiff has been unable to find a single case where an act of poor performance, negligence, or even more derelict behavior by an employee has allowed an employer withhold or recoup wages from an employee. [2] The Plaintiff also believes that the

---

[2] Note that the Plaintiff's extensive research has found many examples of wage withholding or recoupment in the event of employee actions such as: misappropriation of the employer's property or funds (primarily embezzlement),

Defendants will be unable to present any such cases, because Illinois law simply does not permit forfeiture of wages without a showing that an employee took advantage of knowledge and/or property acquired in the employer's business to make a profit for them self at the employer's expense.

## II. DEFENDANTS HAVE NOT ALLEGED THAT PLAINTIFF TOOK ADVANTAGE OF HER POSITION OR KNOWLEDGE WITH ICP, AND DEFENDANTS HAVE ADMITTED THAT THE PLAINTIFF DID NOT MAKE A PROFIT FROM HER ALLEGED ACTIONS.

The Affirmative Defenses asserted in the Defendants' Answer advance numerous theories that the Defendants are permitted to block Plaintiff's IWPCA claim and withhold her earned wages based on a variety of inapplicable affirmative defenses. Affirmative Defense 2 states, "The Complaint is barred by Plaintiff's prior breach of contract, breach of duty of loyalty and breach of fiduciary duty." Affirmative Defense 3 states "The complaint is barred by the doctrine of fraud, estoppel, waiver, unclean hands, and any other doctrine or legal principle that constituted a defense or avoidance that may be discovered." As previously addressed in Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike") (Dkt. 39), these Affirmative Defenses as asserted in the Answer are unsupported by even a single alleged fact. In the Defendants briefing on the Motion to Strike, Defendants implicitly conceded that the laundry list of Affirmative Defenses in the Answer were not adequately pleaded, but instead, without citing any support for their argument, argued that the allegations of the dismissed Counterclaim should be automatically asserted as pleadings in the Affirmative Defenses. With no other assistance in determining any

---

solicitation of the employer's clients, solicitation of co-workers, or other usurpation of employer's opportunities. Plaintiff notes this and cites a small number of cases permitting wage withholding or recoupment due to such employee behaviors to illustrate that decisions permitting recoupment are plentiful, but none exist in circumstances of poor or negligent behavior. *See: American Auto Guardian, Inc. v. Kramer*, No. 05 C 6404, 2008 WL 4553092, at *7 (N.D. Ill., July 8, 2008) (embezzlement), *Levy v. Markal Sales Corp.*, 268 Ill. App. 3d 355, 373 (1994) (usurping corporate opportunity), *TMF Tool Co. Inc. v. Siebengartner*, 899 F.2d 584, 590 (7th Cir. 1990) (misappropriation of employer's funds).

facts which the Defendants' intend to allege as support for their threadbare Affirmative Defenses, we must use the allegations of the dismissed Counterclaim and the results of discovery process as guidance for what support the Defendants intend to provide for their Affirmative Defenses.[3]

After reviewing these alternative sources in search of facts to support the Affirmative Defenses, it appears that the only support the Defendants intend to put forth is the Plaintiff's alleged dereliction of duty surrounding the discovery of mold at the ICP facility in December of 2012. The primary problem with asserting any Affirmative Defenses based on the Plaintiff's alleged behavior in regards to the mold issue, is that even if all allegations of the dismissed Counterclaim were accepted as true, and all facts revealed in discovery were viewed in the light most favorable to the Defendants, they do not show that Plaintiff took advantage of knowledge and/or property acquired in the employer's business to make a profit for herself at ICP's expense, and therefore do not provide for a forfeiture of Plaintiff's wages.

There are no allegations in the dismissed Counterclaim and no discovery which would support the premise that the Plaintiff took advantage of her knowledge or position and that it was detrimental to ICP. As addressed in the cases above, a Plaintiff takes advantage of their knowledge or position in a way detrimental to the employer when they improperly compete with their employer, solicit the employer's customers, entice co-workers away from the employer, divert business opportunities, engage in self-dealing and/or otherwise misappropriate the employer's

---

[3] The allegations against the Plaintiff in the dismissed Counterclaim include behaviors such as: failing to proactively inspect the ICP facility for the presence of mold; (Counterclaim ¶13) failing to engage licensed mold remediation company and instead hiring other service providers to cover up the appearance and smell of the mold; (Counterclaim ¶16) failing to inform the Defendants exactly what actions were taken to address the mold and exactly what actions would be necessary to address the mold; (Counterclaim ¶18) failure to tell the Board of Pharmacy that mold was found in the facility in order to get a pharmacy license (Counterclaim ¶19). The dismissed Counterclaim further alleges that the Plaintiff failed to fulfill her duty to report the mold to the Illinois State Board of Pharmacy and that such actions were committed recklessly and intentionally to mislead the Illinois Board of Pharmacy for the purposes of receiving a license for ICP. (Counterclaim ¶¶ 22-24). It should be noted that nowhere in the dismissed Counterclaim have the Defendants alleged that the Plaintiff's actions were taken with the intention to gain a financial benefit or that she actually did financially benefit from her alleged activities.

property or funds. Even if the Defendants argued that the Plaintiff's actions were misguided or inadequate as the employer did in *In re Petersen*, allegations of such behavior are not a basis for forfeiture of wages. To take things even further, even if Plaintiff's alleged dereliction of duty was determined to be poor or even negligent performance – which it was not – that would still not be enough for forfeiture of employee wages as behavior far more egregious than anything alleged in this matter was not enough in *Laba v. Chicago Transit Authority*.

Beyond the already fatal failure to show that Plaintiff took any of the actions which Illinois courts observe to be actions showing an employee took advantage of their knowledge or position with the employer, and that such actions were detrimental to the employer, no allegations or discovery exist that would in any way support an argument that the Plaintiff participated in any self-dealing activity which lead to her personal enrichment. Not only do the allegations of the dismissed Counterclaim lack any hint at such an argument, but the results of the Defendants' excessive discovery also lack any hint that the Plaintiff personally enriched herself beyond collecting a paycheck. Even more damning, in the depositions of both Defendants they could not testify to any specific example of any personal enrichment by the Plaintiff as a result of her employment other than the collection of a paycheck. (Ex. 3, Transcript of Daniel Abrams Deposition pp. 61, 77, 78, 87, 88, 91, 92, 93, 94, 95, 101, 102, 118, 119, 198, 199. Ex. 4, Transcript of Aswhini Sharan Deposition pp. 9, 85, 87, 88, 90, 99). Finally, the Third Party Defendant Cameron Horan, who would have had the greatest knowledge of the Plaintiff's actions at the time of her employment, also testified in his deposition that the Plaintiff did not personally enrich herself or gain any financial benefit from her employment beyond the collection of a paycheck. (Ex. 5, Transcript of Cameron Horan Deposition pp. 44, 45, 48). As addressed above in *Laba v. Chicago Transit Authority*, collection of a paycheck, even for time periods the employee was

clearly not working for the benefit of the employer, does not qualify as self-dealing or personal enrichment which allows for forfeiture of wages.

There is no genuine issue of material fact that the Defendants have not, and are unable to assert that the Plaintiff improperly competed with ICP, solicited customers from ICP, enticed co-workers away from ICP, diverted business opportunities from ICP, or engaged in self-dealing and/or otherwise misappropriating ICP's property or funds in any way. There is no genuine issue of material fact that the Defendants have not and are unable to assert that the Plaintiff personally enriched herself at a detriment to ICP. There is no support of any kind for an assertion that the Plaintiff took advantage of her position or knowledge to make a profit for herself at ICP's expense, and that the Defendants may assert that the Plaintiff is subject to forfeiture of her wages. No reasonable jury could find in favor of the Defendants on Affirmative Defenses 2 and 3 so the Plaintiff should be granted summary judgment on Affirmative Defenses 2 and 3.

**WHEREFORE**, Rita Hoke respectfully requests entry of a summary judgment in her favor on Affirmative Defenses 2 and 3 of the Answer and an award of her costs and reasonably attorney's fees for all discovery and motions in this matter regarding the excessive and unnecessary pursuit of the inapplicable Affirmative Defenses by the Defendants pursuant to the fee-shifting provision of the Illinois Wage Payment and Collection Act.

Dated: March 7, 2017

<div style="margin-left:40%">

Respectfully submitted,
RITA HOKE, Plaintiff

s/      Daniel Lynch
Attorney for Plaintiff

</div>

Daniel Lynch (Atty. No. 6202499)
Julia M. Katz (Atty. No. 6296890)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
Tel: (312) 346-1600
Fax: (312) 896-5883
dlynch@lynchthompson.com
jkatz@lynchthompson.com
docketing@lynchthompson.com

**CERTIFICATE OF SERVICE**

I, Julia M. Katz, an attorney, hereby certify that on March 7, 2017, I served **Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses 2 and 3** upon all counsel of record by the Court's electronic filing system:

Stephen E. Csajaghy
Condit Csajaghy LLC
695 S. Colorado Blvd., Suite 270
Denver, CO 80246
steve@cclawcolorado.com

Christina D. Hatzidakis
Hatzidakis Law
120 S. State Street, Suite 200
Chicago, IL 60603
christina@hatzidakislaw.com

William J. Factor
David P. Holtkamp
The Law Office of William J. Factor, Ltd.
105 W. Madison St., Suite 1500
Chicago, IL 60602
dholtkamp@wfactorlaw.com

Christian C. Onsager
Andrew D. Johnson
Onsager Guerdon Fletcher Johnson LLC
1801 Broadway, Suite 900
Denver, CO 80202
consager@OGFJ-law.com
ajohnson@OGFJ-law.com

Dated:   March 7, 2017

/s/ Julia M. Katz

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RITA HOKE**, an individual | ) | |
| Plaintiff, | ) | Case No : 16-cv-1174 |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| **DANIEL ABRAMS**, and | ) | |
| **ASHWINI SHARAN**, individual | ) | |
| | ) | |
| Defendants/Counterclaimants | ) | |
| Third Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **CAMERON C. HORAN**, and individual | ) | |
| Third Party Defendant | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES 2 AND 3**

Plaintiff, Rita Hoke, by and through her attorneys, Lynch Thompson LLP, hereby submits

this Memorandum of Law in Support of her Motion for Partial Summary Judgment in her favor as

to Affirmative Defenses 2 and 3 asserted by the Defendants Daniel Abrams and Aswhini Sharan

(collectively "Defendants"). The facts underlying this motion are fully set forth in Plaintiff's Local

Rule 56.1 Statement of Uncontested Material Facts ("Statement").

## INTRODUCTION

The Complaint of Plaintiff, Rita Hoke ("Hoke"), a former employee of a now defunct

entity, Integrated Care Pharmacy ("ICP") seeks to recover unpaid wages from the Defendants

under the Illinois Wage Payment and Collection Act ("IWPCA"). Defendants' Answer,

Counterclaim, Third Party Complaint & Jury Demand (the "Answer") included a Counterclaim

addressing a breach of fiduciary duty by the Plaintiff to the Defendants in her role as a member of

ICP, which has already been dismissed by this Court. The Answer further asserted a number of

Affirmative Defenses to the IWPCA claims of the Complaint. As explained below, Illinois law regarding employee wages claims provides that the only applicable affirmative defense to failure to pay an employee arises when that employee takes advantage of their position or knowledge as an employee, to make profits for themselves at the employer's expense. The undisputed facts in this matter reveal that an Illinois wage claim has been made by the Plaintiff, Affirmative Defenses 2 and 3 asserted by the Defendants do not assert that the Plaintiff took advantage of her position or knowledge as an employee to make profits for herself at ICP's expense, and that Defendants have admitted that the Plaintiff did not make a profit for herself at ICP's expense. As Affirmative Defenses 2 and 3 are not applicable defenses to the claims of the Complaint, the Plaintiff is entitled to summary judgment on Affirmative Defenses 2 and 3 as a matter of law.[1]

## FACTS

The Complaint for the instant matter asserts an IWPCA claim against Defendants, two former members/managers/executives of the Plaintiff's former Employer ICP, seeking unpaid wages for Plaintiff's work while employed by ICP. (Stmt. Material Facts, ¶1, Compl., Dkt. 1.) The Defendants have asserted numerous Affirmative Defenses to the IWPCA in their Answer, none of which assert that the Plaintiff took advantage of her position or knowledge as an employee of ICP to make profits for herself at ICP's expense. Affirmative Defense 2 states "The Complaint is barred by Plaintiff's prior breach of contract, breach of duty of loyalty and breach of fiduciary duty." Affirmative Defense 3 states "The complaint is barred by the doctrine of fraud, estoppel,

---

[1] Although the instant motion does not move for summary judgment on the remaining Affirmative Defenses, they also appear to lack vitality. As to Affirmative Defense 1: "The Complaint fails to state a claim upon which relief may be granted," that statement is not really an affirmative defense, but rather an assertion of the purported insufficiency of the pleading of the Complaint. Affirmative Defense 4: "Defendants are not employers under the Wage Claim Act" similarly to Affirmative Defense 1 addresses or rather argues that there is lack of sufficiency related to specific assertions of the Complaint, and is not a proper affirmative defense. Affirmative Defense 5, "The Plaintiff failed to add all responsible parties, and Plaintiff's claims are subject to contribution from others," not only lacks any factual support, but has already been addressed by the third party pleading that the Defendants filed. Finally, Affirmative Defense 6, which purports to reserve the right to add defenses, is not a defense at all.

waiver, unclean hands, and any other doctrine or legal principle that constituted a defense or avoidance that may be discovered." (Stmt. Material Facts, ¶ 2, Answer, Counterclaim, Third Party Complaint & Jury Demand, Dkt. 12.) Defendant Daniel Abrams, former member and President of ICP had some level of knowledge of the financials and business dealings of ICP. Defendant Daniel Abrams' deposition transcript indicates that he is unaware of any specific example of Rita Hoke personally financially benefitting or making any profit from her actions as an employee of ICP beyond collection of a paycheck. (Stmt. Material Facts, ¶ 3, Transcript of Daniel Abrams Deposition pp. 61, 77, 78, 87, 88, 91, 92, 93, 94, 95, 101, 102, 118, 119, 198, 199). Defendant Ashwini Sharan, former Member and Chairman of the Board of ICP had some level of knowledge of the financials and business dealings of ICP. Defendant Ashwini Sharan's deposition transcript indicates that is unaware of any specific example of Rita Hoke personally financially benefitting or making any profit from her actions as an employee of ICP beyond collection of a paycheck. (Stmt. Material Facts, ¶ 4, Transcript of Aswhini Sharan Deposition pp. 9, 85, 87, 88, 90, 99). Third Party Defendant, Cameron Horan, former Managing Member and CEO of ICP had extensive knowledge of the financials and business dealings of ICP for the majority of the time the Plaintiff was employed by ICP. Third Party Defendant Cameron Horan's deposition transcript clearly indicates that he is unaware of any way in which Rita Hoke personally financially benefited or made any profit from her actions as an employee of ICP beyond collection of a paycheck. (Ex. 5, Transcript of Cameron Horan Deposition pp. 44, 45, 48).

## ARGUMENT

Summary judgment under Federal Rule of Civil Procedure 56(c) is proper if the record shows that "There is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In resolving a motion for summary judgment,

a court draws all reasonable inferences and resolves all factual disputes in the non-moving party's favor. *Minnesota Life Ins. Co. v. Kagan*, 847 F. Supp. 2d 1088, 1096 (N.D. Ill. 2012) *aff'd*. 724 F.3d 843 (7th Cir. 2013). To survive a motion for summary judgment, "the nonmoving party must establish that some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013) (internal citations omitted). In order to promote judicial economy, courts in the Northern District of Illinois "routinely entertain motions for partial summary judgment seeking the dismissal of affirmative defenses." *Widley v. Springs*, No. 92 C 8146, 1993 WL 350195, at *1 (N.D. Ill. Sept. 7, 1993).

I.   **THE ONLY AFFIRMATIVE DEFENSE TO FAILURE TO PAY AN EMPLOYEE EARNED WAGES IN ILLINOIS IS THAT AN EMPLOYEE HAS NO RIGHT TO THEIR WAGES WHEN THE EMPLOYEE TAKES ADVANTAGE OF THEIR POSITION OR KNOWLEDGE TO MAKE PROFITS FOR THEM SELF AT THE EMPLOYER'S EXPENSE.**

Under Illinois law, the single potentially appropriate affirmative defense to failure to pay an employee earned wages arises when an employee takes advantage of knowledge and/or property acquired in the employer's business to make a profit for them self at the employer's expense. *Beltran v. Brentwood North Healthcare Center, LLC.*, 426 F. Supp. 2d 827, 831 (N.D. Ill. 2006). In *Beltran v. Brentwood*, the court ruled that an employer's attempt to recoup an employee's wages for sleeping on the job, instead of performing job duties, was impermissible. *Id.* The language of the decision broadened the application of the ruling beyond simply sleeping, and stated that wages could not be recouped based "on the fact that an agent fell asleep on the job or otherwise failed to perform job requirements satisfactorily." *Id.* In order to present a clear picture of what specific behaviors would provide for recoupment of wages by an employer, the court listed the actions of "improperly competing with their employer, soliciting the employer's customers, enticing co-workers away from the employer, diverting business opportunities, engaging in self-dealing and/or

4

otherwise misappropriating the employer's property or funds." *Id*. As clarification for why only such severe behavior requires forfeiture of wages, the court distinguished other behaviors and stated that "negligence or substandard job performance, is inherently dissimilar from the types of self-dealing scenarios." *Id*. This decision helped clarify the limited behaviors that Illinois courts permit as a basis for forfeiture of employee wages.

The court in *In re Petersen,* 296 B.R. 776 (Bankr. C.D. Ill. 2003) similarly dealt with an employer's demand for return of wages, but differed in that the allegations of the employer simply asserted that the employee failed to complete the job in the fashion in which the employer thought she should have. The employee in *In re Petersen* was tasked with working overtime in order to complete the employer's medical billing but despite the employee's great efforts to perform the work to the best of her ability, the employee fell further and further behind. The employer alleged that the employee's records of overtime must have been false, and her attempts to complete the work were inadequate. Yet again, under the application of Illinois law, the court found that even if an employee's performance was deficient, it did not support forfeiture of compensation. *Id*. at 779. This decision supported the findings in *Beltran v. Brentwood*, and the premise that poor performance is not enough, an employee must be taking advantage of knowledge and/or property acquired in the employer's business to make a profit for herself at the employer's expense to be liable for forfeiture of wages.

This position is not new to Illinois courts and was asserted much earlier in *Book v. Napier* where the court found against an employer who had withheld commission payments from an employee who had allegedly, among many other things, systematically maligned his employer by telling various co-workers that the head of the agency was incompetent and crazy, and that all

employees should ignore the head of the agency's instructions. *Book v. Napier et al.*, 120 N.E. 2d 248 (Ill. App. Ct. 1954).

Finally, in taking the matter far beyond simple sleeping on duty or inadequate completion of job duties, the vitality of this line of case law was recently reasserted by a decision in the Northern District of Illinois by the Honorable Charles P. Kocoras in *Laba v. Chicago Transit Authority*. The decision in *Laba v. Chicago Transit Authority* stated that an employee who hid out in in the employer's electrical breaker room for extended periods while sleeping, using a cell phone, using a computer for non-work related activities, reading personal mail and newspapers, viewing pornography and masturbating was not subject to wage forfeiture. *Laba v. Chicago Transit Authority*, No. 14 C 4091, 2016 WL 147656 at *6 (N.D. Ill. Jan. 13, 2016). The court simply found that such negligent or sub-standard job performance, which may be a reasonable basis for discipline and even termination – and although it is more disturbing than simple sleeping on the job – did not equate to behaviors such as "improperly competing with one's employer, engaging in self-dealing or misappropriating property or funds" which are necessary for an employer to recoup wages. *Id.* at *7. The Court in *Laba v. Chicago Transit Authority* further found that collection of a paycheck, even if not acting in the best interest of the employer, is not considered self-enrichment at the employer's expense. *Id.* The court opined that simple collection of a paycheck is not equivalent to actions such as embezzlement, and does not allow the employer to recoup employee wages. *Id.*

After extensive research the Plaintiff has been unable to find a single case where an act of poor performance, negligence, or even more derelict behavior by an employee has allowed an employer withhold or recoup wages from an employee. [2] The Plaintiff also believes that the

---

[2] Note that the Plaintiff's extensive research has found many examples of wage withholding or recoupment in the event of employee actions such as: misappropriation of the employer's property or funds (primarily embezzlement),

Defendants will be unable to present any such cases, because Illinois law simply does not permit forfeiture of wages without a showing that an employee took advantage of knowledge and/or property acquired in the employer's business to make a profit for them self at the employer's expense.

## II.   DEFENDANTS HAVE NOT ALLEGED THAT PLAINTIFF TOOK ADVANTAGE OF HER POSITION OR KNOWLEDGE WITH ICP, AND DEFENDANTS HAVE ADMITTED THAT THE PLAINTIFF DID NOT MAKE A PROFIT FROM HER ALLEGED ACTIONS.

The Affirmative Defenses asserted in the Defendants' Answer advance numerous theories that the Defendants are permitted to block Plaintiff's IWPCA claim and withhold her earned wages based on a variety of inapplicable affirmative defenses.   Affirmative Defense 2 states, "The Complaint is barred by Plaintiff's prior breach of contract, breach of duty of loyalty and breach of fiduciary duty."   Affirmative Defense 3 states "The complaint is barred by the doctrine of fraud, estoppel, waiver, unclean hands, and any other doctrine or legal principle that constituted a defense or avoidance that may be discovered."   As previously addressed in Plaintiff's Motion to Strike Defendants' Affirmative Defenses ("Motion to Strike") (Dkt. 39), these Affirmative Defenses as asserted in the Answer are unsupported by even a single alleged fact.   In the Defendants briefing on the Motion to Strike, Defendants implicitly conceded that the laundry list of Affirmative Defenses in the Answer were not adequately pleaded, but instead, without citing any support for their argument, argued that the allegations of the dismissed Counterclaim should be automatically asserted as pleadings in the Affirmative Defenses.   With no other assistance in determining any

---

solicitation of the employer's clients, solicitation of co-workers, or other usurpation of employer's opportunities. Plaintiff notes this and cites a small number of cases permitting wage withholding or recoupment due to such employee behaviors to illustrate that decisions permitting recoupment are plentiful, but none exist in circumstances of poor or negligent behavior.  *See: American Auto Guardian, Inc. v. Kramer*, No. 05 C 6404, 2008 WL 4553092, at *7 (N.D. Ill., July 8, 2008) (embezzlement), *Levy v. Markal Sales Corp.*, 268 Ill. App. 3d 355, 373 (1994) (usurping corporate opportunity), *TMF Tool Co. Inc. v. Siebengartner*, 899 F.2d 584, 590 (7th Cir. 1990) (misappropriation of employer's funds).

7

facts which the Defendants' intend to allege as support for their threadbare Affirmative Defenses, we must use the allegations of the dismissed Counterclaim and the results of discovery process as guidance for what support the Defendants intend to provide for their Affirmative Defenses.[3]

After reviewing these alternative sources in search of facts to support the Affirmative Defenses, it appears that the only support the Defendants intend to put forth is the Plaintiff's alleged dereliction of duty surrounding the discovery of mold at the ICP facility in December of 2012. The primary problem with asserting any Affirmative Defenses based on the Plaintiff's alleged behavior in regards to the mold issue, is that even if all allegations of the dismissed Counterclaim were accepted as true, and all facts revealed in discovery were viewed in the light most favorable to the Defendants, they do not show that Plaintiff took advantage of knowledge and/or property acquired in the employer's business to make a profit for herself at ICP's expense, and therefore do not provide for a forfeiture of Plaintiff's wages.

There are no allegations in the dismissed Counterclaim and no discovery which would support the premise that the Plaintiff took advantage of her knowledge or position and that it was detrimental to ICP. As addressed in the cases above, a Plaintiff takes advantage of their knowledge or position in a way detrimental to the employer when they improperly compete with their employer, solicit the employer's customers, entice co-workers away from the employer, divert business opportunities, engage in self-dealing and/or otherwise misappropriate the employer's

---

[3] The allegations against the Plaintiff in the dismissed Counterclaim include behaviors such as: failing to proactively inspect the ICP facility for the presence of mold; (Counterclaim ¶13) failing to engage licensed mold remediation company and instead hiring other service providers to cover up the appearance and smell of the mold; (Counterclaim ¶16) failing to inform the Defendants exactly what actions were taken to address the mold and exactly what actions would be necessary to address the mold; (Counterclaim ¶18) failure to tell the Board of Pharmacy that mold was found in the facility in order to get a pharmacy license (Counterclaim ¶19). The dismissed Counterclaim further alleges that the Plaintiff failed to fulfill her duty to report the mold to the Illinois State Board of Pharmacy and that such actions were committed recklessly and intentionally to mislead the Illinois Board of Pharmacy for the purposes of receiving a license for ICP. (Counterclaim ¶¶ 22-24). It should be noted that nowhere in the dismissed Counterclaim have the Defendants alleged that the Plaintiff's actions were taken with the intention to gain a financial benefit or that she actually did financially benefit from her alleged activities.

property or funds. Even if the Defendants argued that the Plaintiff's actions were misguided or inadequate as the employer did in *In re Petersen*, allegations of such behavior are not a basis for forfeiture of wages. To take things even further, even if Plaintiff's alleged dereliction of duty was determined to be poor or even negligent performance – which it was not – that would still not be enough for forfeiture of employee wages as behavior far more egregious than anything alleged in this matter was not enough in *Laba v. Chicago Transit Authority*.

Beyond the already fatal failure to show that Plaintiff took any of the actions which Illinois courts observe to be actions showing an employee took advantage of their knowledge or position with the employer, and that such actions were detrimental to the employer, no allegations or discovery exist that would in any way support an argument that the Plaintiff participated in any self-dealing activity which lead to her personal enrichment. Not only do the allegations of the dismissed Counterclaim lack any hint at such an argument, but the results of the Defendants' excessive discovery also lack any hint that the Plaintiff personally enriched herself beyond collecting a paycheck. Even more damning, in the depositions of both Defendants they could not testify to any specific example of any personal enrichment by the Plaintiff as a result of her employment other than the collection of a paycheck. (Ex. 3, Transcript of Daniel Abrams Deposition pp. 61, 77, 78, 87, 88, 91, 92, 93, 94, 95, 101, 102, 118, 119, 198, 199. Ex. 4, Transcript of Aswhini Sharan Deposition pp. 9, 85, 87, 88, 90, 99). Finally, the Third Party Defendant Cameron Horan, who would have had the greatest knowledge of the Plaintiff's actions at the time of her employment, also testified in his deposition that the Plaintiff did not personally enrich herself or gain any financial benefit from her employment beyond the collection of a paycheck. (Ex. 5, Transcript of Cameron Horan Deposition pp. 44, 45, 48). As addressed above in *Laba v. Chicago Transit Authority*, collection of a paycheck, even for time periods the employee was

clearly not working for the benefit of the employer, does not qualify as self-dealing or personal enrichment which allows for forfeiture of wages.

There is no genuine issue of material fact that the Defendants have not, and are unable to assert that the Plaintiff improperly competed with ICP, solicited customers from ICP, enticed co-workers away from ICP, diverted business opportunities from ICP, or engaged in self-dealing and/or otherwise misappropriating ICP's property or funds in any way. There is no genuine issue of material fact that the Defendants have not and are unable to assert that the Plaintiff personally enriched herself at a detriment to ICP. There is no support of any kind for an assertion that the Plaintiff took advantage of her position or knowledge to make a profit for herself at ICP's expense, and that the Defendants may assert that the Plaintiff is subject to forfeiture of her wages. No reasonable jury could find in favor of the Defendants on Affirmative Defenses 2 and 3 so the Plaintiff should be granted summary judgment on Affirmative Defenses 2 and 3.

**WHEREFORE**, Rita Hoke respectfully requests entry of a summary judgment in her favor on Affirmative Defenses 2 and 3 of the Answer and an award of her costs and reasonably attorney's fees for all discovery and motions in this matter regarding the excessive and unnecessary pursuit of the inapplicable Affirmative Defenses by the Defendants pursuant to the fee-shifting provision of the Illinois Wage Payment and Collection Act.

Dated: March 7, 2017

<div style="margin-left: 40%;">

Respectfully submitted,
RITA HOKE, Plaintiff

s/    Daniel Lynch
Attorney for Plaintiff

</div>

10

Daniel Lynch (Atty. No. 6202499)

Julia M. Katz (Atty. No. 6296890)

Lynch Thompson LLP

150 S. Wacker Drive, Suite 2600

Chicago, Illinois 60606

Tel: (312) 346-1600

Fax: (312) 896-5883

dlynch@lynchthompson.com

jkatz@lynchthompson.com

docketing@lynchthompson.com

**CERTIFICATE OF SERVICE**

I, Julia M. Katz, an attorney, hereby certify that on March 7, 2017, I served **Plaintiff's Motion for Partial Summary Judgment on Affirmative Defenses 2 and 3** upon all counsel of record by the Court's electronic filing system:

Stephen E. Csajaghy
Condit Csajaghy LLC
695 S. Colorado Blvd., Suite 270
Denver, CO 80246
steve@cclawcolorado.com

Christina D. Hatzidakis
Hatzidakis Law
120 S. State Street, Suite 200
Chicago, IL 60603
christina@hatzidakislaw.com

William J. Factor
David P. Holtkamp
The Law Office of William J. Factor, Ltd.
105 W. Madison St., Suite 1500
Chicago, IL 60602
dholtkamp@wfactorlaw.com

Christian C. Onsager
Andrew D. Johnson
Onsager Guerdon Fletcher Johnson LLC
1801 Broadway, Suite 900
Denver, CO 80202
consager@OGFJ-law.com
ajohnson@OGFJ-law.com

Dated:   March 7, 2017

/s/ Julia M. Katz

11