IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RITA HOKE**, ) | Case No : 16-cv-1174 |
| Plaintiff, ) | |
| v. ) | Judge Thomas M. Durkin |
| ) | |
| **DANIEL ABRAMS**, and ) | |
| **ASHWINI SHARAN**, ) | |
| Defendants/Third Party Plaintiffs ) | |
| v. ) | |
| ) | |
| **CAMERON C. HORAN**, ) | |
| Third Party Defendant ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION
FOR PARTIAL SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSES 2 AND 3**

Plaintiff, Rita Hoke, hereby replies in support of her Motion for Partial Summary Judgment on Affirmative Defenses 2 and 3 ("Motion"), and states as follows:

**ARGUMENT**

In her Motion, Plaintiff explained that no Illinois court has recognized a defense to a wage claim other than when the employee takes advantage of their position to make profits at the employer's expense. Every time an employer in Illinois has tried to recoup or withhold wages for any other reason, Illinois courts have denied the employer. Plaintiff explained that Defendants do not provide any evidence that the Plaintiff has taken advantage of her position at ICP to make a profit at ICP's expense, and at this stage of litigation, it is up to the Defendants to present their evidence: "summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). As none of the arguments made by Defendants are meritorious, and Defendant has failed to put forth any evidence of personal profiting by the Plaintiff, summary judgment should be granted.

**I. THE COURT'S PREVIOUS RULING ON THE PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES DOES NOT BAR THE GRANTING OF <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.</u>**

In the Plaintiff's Motion, she explained that no court in Illinois has ever recognized any defense to an employee wage claim other than when the employee takes advantage of their position or knowledge, to make profits at the employer's expense. Defendants' Response contends that Plaintiff's argument has been addressed by this Court in an earlier ruling on Plaintiff's Motion to Strike Affirmative Defenses ("Motion to Strike"). Defendants are wrong.

As this Court ruled in its denial of the Motion to Strike, that ruling was limited to that "stage of the case." (Dkt. 84-1, 3:21-25.) Further, the Court recognized that "[t]here is some uncertainty as to whether a breach of duty of loyalty or unclean hands can serve as a defense to a wage action." (Dkt. 84-1, 6:3-5). At the pleading stage, the Court declined to preclude Defendants from developing evidence through discovery, but now it is time to determine whether Defendants do, in fact, have relevant evidence. As explained more fully below, Defendants have failed to cite case law that establishes that any conduct other than self-dealing can be a defense to the Wage Act, (*see* Section II, A below) and failed to bring forth evidence supporting the proposition that Plaintiff enriched herself at ICP's expense. (*See* Section II, B below.) Accordingly, the Court's prior ruling is no impediment to Plaintiff's Motion.

**II. SUMMARY JUDGMENT SHOULD BE GRANTED FOR PLAINTIFF ON <u>DEFENDANTS' AFFIRMATIVE DEFENSES 2 AND 3.</u>**

    **A. Defendants Cite No Cases That Allow A Defense To A Wage Claim Other Than Employee Self-Dealing.**

Plaintiff's Motion challenged Defendants to provide any case law showing that Wage Act claims can be defended with facts other than self-dealing and personal profiting by the employee. In response, Defendants have failed to present even a single case. Indeed, the sole case presented in the entirety of Defendants' Response addressing forfeiture of employee wages, *Smith-Shrader*

*Co. v. Smith*, 136 Ill. App. 3d 571, 577-579 (1985), supports Plaintiff's argument. In *Smith-Shrader Co. v. Smith* the court allowed forfeiture of employee wages when the employee solicited other employees and customers of the employer illustrating his, "active exploitation of his position with [employer] for his own benefit and [employer's] economic detriment." *Id.* at 577. This case establishes again the required self-dealing and personal profiting that must be shown to allow for forfeiture of wages under Illinois law. Thus, unless Defendants have evidence of self-dealing, judgment should be granted for Plaintiff on Defendants affirmative defenses.

    **B.    Defendants Have Presented No Evidence That Plaintiff Has Personally Profited From Her Employment At ICP.**

Just as Plaintiff's Motion posed a challenge to Defendants to present case law supporting their Affirmative Defenses, Plaintiff's Motion also challenged Defendants to present evidence of personal profiting by the Plaintiff. Defendants again failed to rise to the challenge. Despite the requirement to "put up or shut up" at this stage in the litigation, Defendants have failed to present a shred of evidence of personal profiting by the Plaintiff. Indeed, the only evidence submitted in Defendants' Fact Response regarding personal profiting consisted of the deposition transcripts of Defendants. As the Court reviews the transcripts, Defendants Abrams and Sharan admitted in numerous instances that they had no personal knowledge of any actions Plaintiff took to enrich herself other than receipt of paychecks. For example:

**ABRAMS**

Q:    So other than the paychecks she got, are you aware of any other way that this mold enriched [Plaintiff]?
A:    As I mentioned, perhaps – no, not. I mean, I talked about her brother in law earlier. Those were the main things. (Abrams Dep. p. 88, lines 1-6.)

Q:    Are you aware of anything that would suggest that [Plaintiff] personally profited from the transaction involving her brother in law in the HVAC work?
A:    I am not personally aware of that. (Abrams Dep. p. 61, lines 4-8.)

3

**SHARAN**

Q: Do you have any specific actual proof that [Plaintiff] personally made money on [the HVAC] deal?
A: I don't have personal proof of that. (Sharan Dep. p. 85, lines 3-5.)

Q: Any other ways in which you believe [Plaintiff] benefited herself financially and acted against the interests of the company?
A: Yeah, I believe that there are, but I just can't recall them at this time. (Sharan Dep. p. 89, lines 3-7.)

Defendants "belief" unmoored from actual facts is insufficient to sustain their defenses. At this stage, "speculation does not create a genuine issue of fact necessary to survive summary judgment." *Selzer v. Lumen Energy Corp.*, 5 F. App'x 531, 533 (7th Cir. 2001). As Defendants have shown no genuine issue for trial, Plaintiff's Motion should be granted.

    **C.**    **Defendants' Remaining Arguments Are Red Herrings.**

        **1.**    **Defendants' arguments that Plaintiff's behavior amounts to more than "mere negligence" and breach of fiduciary duty are irrelevant.**

Because forfeiture of employee wages occurs only when the employee makes profits at the employer's expense, Defendants argument that Plaintiff's actions amounted to more than "mere negligence" and were "intentional and reckless" are irrelevant. Illinois courts do not consider intentional behaviors that do not amount to self-dealing and result in personal profiting as defenses to a Wage Act claim. *See Book v. Napier Book v. Napier et al.*, 120 N.E. 2d 248 (Ill. App. Ct. 1954) (no wage forfeiture for employee who systematically maligned his employer by telling various co-workers that the head of the agency was incompetent and crazy, and that all employees should ignore the head of the agency's instructions); *and Laba v. Chicago Transit Authority*, No. 14 C 4091, 2016 WL 147656 at *6 (N.D. Ill. Jan. 13, 2016) (no wage forfeiture for employee who hid out for extended periods sleeping, using a cell phone, using a computer for non-work related activities, reading mail and newspapers, viewing pornography and masturbating). Thus, the Defendants are asking this Court to be the first court to interpret Illinois law in this fashion, and

this Court should decline the invitation. Indeed, if such a claim were recognized, any disgruntled employer could seek recoupment of wages from any employee whose behavior they deemed to be less than acceptable, and the courts would be flooded with such cases.

Defendants' similar assertion that Illinois law does not require personal profiting to maintain a claim of breach of the duty of loyalty if the employee hindered the employer's continued business is irrelevant for two reasons. First, the only relevant affirmative defenses here would be defenses that call for the forfeiture of employee wages, regardless of what labels the Defendants assign to them. Defendants fail to provide any of the facts of their fiduciary duty cases, because not a single case among them allows for forfeiture of employee wages without the employee personal profiting at the employer's expense. *F.D.I.C. ex. rel. Wheatland Bank v. Spangler*, 836 F. Supp. 2d 778 (N.D. Ill., 2001), (no claim for wages); *Labor Ready, Inc. v. Williams Staffing, LLC*, 149 F. Supp. 2d 398 (N.D. Ill. 2001), (no claim for wages); *Maercker Point Villas Condominium Assoc. v. Szymski*, 275 Ill. App. 3d 481 (no claim for wages).

Second, in a further red herring, Defendants argue that the Plaintiff hindered ICP's business by stating that "ICP could not continue its function as a company producing non-sterile and liquid sterile pharmaceuticals because Plaintiff concealed the presence of mold in the facility, compromising the ability of the facility to operate as it was intended. SAF 12-37." (Dkt. 84, at 9). Defendants citation to their Statement of Additional Undisputed Facts 12-37 fails to provide any support for the contention that ICP could not continue its function, or that it was hindered in any way by the Plaintiff. As a matter of fact, ICP continued operations until June of 2015, almost two years after Plaintiff's departure. (Dkt. 82, Pl.'s Stmt. Addl. Facts[3] at ¶14.) Additionally, Kelly Calvert, former Pharmacist in Charge of ICP, testified that ICP relocated for reasons unrelated to

---

[3] Hereinafter the Plaintiff's Statement of Additional Facts shall be referred to as "Pl.'s Stmt. Addl. Facts"

the Plaintiff, and that ICP failed due to changes in insurance pay out policies, having nothing to do with the Plaintiff. (*Id*. ¶¶ 30-31.) Defendants' red herring arguments present no material issue for trial and Plaintiff's Motion should be granted.

### 2. Defendants' Arguments Regarding Duties Plaintiff May Owe Other Than Duties An Employee Owes An Employer Are Irrelevant.

Plaintiff's Motion makes clear that the only relevant relationship for purposes of the Wage Act is employer-employee. Throughout Defendants' Response, Defendants alleged that the Plaintiff may have breached duties she owed to other Members of ICP or to the Board of Pharmacy, but any alleged breach of such duties, even if true, is not a defense to a Wage Act claim.

As to the alleged duties as a Member of ICP, the Court has already ruled that the ICP LLC Agreement ("the Agreement") expressly disclaims all fiduciary duties that Plaintiff owed Defendants as a Manager or Member of ICP. [4] (Dkt. 38, p. 3-4.) As to the alleged breaches of duties owed by a pharmacist to the Board of Pharmacy, Defendants cite no cases that hold either (a) that they are allowed to make claims based on a breach of such duties; or (b) that any such breach would permit Defendants to withhold Plaintiff's wages. Accordingly, any such breach is no impediment to Plaintiff's Motion.

---

[4] Section 6.06 <u>Standard of Care; Limitation of Liability</u> of the ICP Operating Agreement provides:

> *(d) To the fullest extent permitted by the Act, except as specifically provided to the contrary in this Agreement, each Member agrees that any fiduciary or other duties imposed under the Act (including duty of loyalty and the duty of care) on the Members and Managers are hereby eliminated. The Members and Managers acknowledge and agree that the foregoing is intended to comply with the provisions of the Act (including Section 18-1101 of the Act) permitting members and managers of a limited liability company to eliminate fiduciary duties.*

(Dkt 19-3: signed executed copy of the ICP LLC Agreement, Pg. 20-21).

## CONCLUSION

For the reasons stated above and previously in the Plaintiff's Motion, Rita Hoke respectfully requests that this Court enter an order granting her Motion for Partial Summary Judgment on Defendants' Affirmative Defenses 2 and 3.

Dated: May 4, 2017

Respectfully submitted,
RITA HOKE, Plaintiff

s/    Daniel Lynch
Attorney for Plaintiff

Daniel Lynch (Atty. No. 6202499)
Julia M. Katz (Atty. No. 6296890)
Lynch Thompson LLP
150 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
Tel: (312) 346-1600
Fax: (312) 896-5883
dlynch@lynchthompson.com
jkatz@lynchthompson.com
docketing@lynchthompson.com

**CERTIFICATE OF SERVICE**

      I, Julia M. Katz, an attorney, hereby certify that on May 4, 2017, I served **Plaintiff's Motion for Partial Summary Judgment** upon all counsel of record by the Court's electronic filing system:

Stephen E. Csajaghy
Condit Csajaghy LLC
695 S. Colorado Blvd., Suite 270
Denver, CO 80246
steve@cclawcolorado.com

Christina D. Hatzidakis
Hatzidakis Law
120 S. State Street, Suite 200
Chicago, IL 60603
christina@hatzidakislaw.com

William J. Factor
David P. Holtkamp
The Law Office of William J. Factor, Ltd.
105 W. Madison St., Suite 1500
Chicago, IL 60602
dholtkamp@wfactorlaw.com

Christian C. Onsager
Andrew D. Johnson
Onsager Guerdon Fletcher Johnson LLC
1801 Broadway, Suite 900
Denver, CO 80202
consager@OGFJ-law.com
ajohnson@OGFJ-law.com

Dated:  May 4, 2017

/s/ Julia M. Katz